UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

NATALIYA PINYUK on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

      -against-

MRS BPO, L.L.C.

                            Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Nataliya Pinyuk, brings this action against MRS BPO, L.L.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Cherry Hill, New Jersey.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Nataliya Pinyuk

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about May 31, 2017, Defendant sent the Plaintiff a collection letter.

11. Said letter stated the "PRINCIPAL BALANCE" as $1,251.87, and then stated "VERIZON COLLECTION FEES: $112.66."

12. The Defendant's statement in said letter of "VERIZON COLLECTION FEES" is a representation of an unlawful collection fee.

13. The collection fee represented the Defendant's anticipated compensation for collecting the alleged debt.

14. The Plaintiff was in the midst of a trial period with Verizon, and had timely canceled her account within two weeks of signing up.  Therefore, the balance and collection fee are fraudulent.

15. Even if such an agreement was legal, the Plaintiff did not owe any money to Verizon since, as mentioned, she had timely canceled, and the debt and collection cost were

erroneous and outright fraudulent. The Defendant is strictly liable.[1]

16. Upon information and belief, any demanded of a collection fee was not incurred by either Verizon or the Defendant. The Plaintiff in this case canceled her contract prior to any incurred cost at all.

17. The collection fee was a contingent fee agreed to by the Defendant and the Creditor, i.e. the collection fee was a predetermined percentage of the total amount recovered for the Creditor.

18. Only when the Defendant was successful in recovering all or part of the principal amount, was it entitled to its contingent fee.

19. If the Defendant did not recover funds, it was not entitled to any fees.

20. At the time the said letter was sent to the Plaintiff, no funds had been recovered by Defendant on behalf of the Creditor.

21. Because nothing had been recovered, the Defendant was not entitled to its contingent compensation, and the Plaintiff was not liable for the collection fees.

22. The collection fees bear no relation to, and are substantially greater than costs actually incurred by the Defendant or the Creditor, in their attempts to collect the alleged debts.

23. Upon information and belief, Defendant transmits thousands of letters to consumers, similar to the said May 31, 2017 collection letter, which misrepresent the amount the consumer actually owes. In each instance, the Defendant charges the consumer with an illegal and unauthorized collection fee.

24. This practice misleads consumers by creating the false impression that consumers have incurred a collection fee due and owing.

25. The representation that collection fees were owed violated 15 U.S.C. §§ 1692e,

---

[1] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013)

1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).[2]

26. Said letter violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1) for attempting to collect prohibited collection fees.

27. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

28. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

29. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

30. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

31. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

32. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

33. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

---

[2] Seeger v. AFNI, Inc., 2006 WL 2290763 (E.D. Wis. Aug. 9, 2006). (FDCPA case against AFNI, Inc. for adding a 15% fee to Cingular bills was certified to proceed is a class action.), Seeger v. AFNI, Inc., 548 F.3d 1107 (7th Cir. 2008). (AFNI, Inc.'s demand for an additional 15% collection fee violated § 1692f(1) since the charge was not authorized by law or the underlying contract; applicable state law only permitted such a recovery if the amount was actually incurred as an out-of-pocket cost of collection and not, as attempted here, to unlawfully ''permit[ ] a third-party purchaser of an account to recover its internal costs.''), Butto v. Collecto Inc., 2013 U.S. Dist. LEXIS 45502, 2013 WL 1285577 (E.D.N.Y. Mar. 29, 2013). (Granting Class certification as to a letter which included a collection fee for Verizon service which had not yet been incurred at the time the letter was sent.)

34. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

35. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

36. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37. The identities of all class members are readily ascertainable from the records of MRS BPO, L.L.C. and those business and governmental entities on whose behalf it attempts to collect debts.

38. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of MRS BPO, L.L.C., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

40. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

41. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

42. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the

        absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

43. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

44. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the

        Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

46. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

47. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through forty six (46) herein with the same force and effect is if the same were set forth at length herein.

48. This cause of action is brought on behalf of Plaintiff and the members of a class.

49. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 31, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1) for attempting to collect prohibited collection fees.

**Violations of the Fair Debt Collection Practices Act**

50. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

51. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
October 2, 2017

   /s/ Maxim Maximov_____
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

   /s/ Maxim Maximov_____
Maxim Maximov, Esq.